ELLEN O'DONNELL, APPELLANT, v. ROBERT McINTYRE, RESPONDENT.

*Summary proceedings to remove persons intruding or squatting upon lands — when one entering by collusion with a tenant is removable as an intruder — Code of Civil Procedure, sec. 2232.*

The plaintiff, who owned an undivided one-third interest in certain premises in the city of Rochester, was in the actual possession of the entire premises by a tenant who had entered under a lease, paying a stipulated rent for the use and occupation thereof. On April 2, 1883, the defendant entered into negotiations with the tenant and concluded an arrangement by which the latter agreed to attorn to the defendant, who went into immediate possession without the consent of the plaintiff, but with the consent of the tenant. The defendant claimed title to the premises under a tax deed which was subsequently adjudged to be invalid as against the owner. After this had been decided the plaintiff instituted proceedings for the removal of the defendant from the premises as an intruder, as authorized by section 2232 of the Code of Civil Procedure.

*Held,* that he was entitled to do so as the defendant had intruded upon the land, without the permission of the plaintiff, within the meaning of those terms as used in the said section.

APPEAL from a judgment of the Monroe County Court reversing proceedings instituted in the Municipal Court of the city of Rochester by the appellant, to remove Robert McIntyre, the respondent, from the possession of certain premises situated within the city of Rochester as an intruder, under and in pursuance of the provisions of section 2232 of the Code of Civil Procedure.

*Fanning & Williams,* for the appellant.

*D. C. Feeley,* for the respondent.

Barker, J.:

The appellant is the owner in fee of an undivided one-third part of the premises. As such owner she was in the actual possession of the entire parcel by and through her tenant, one Joseph M. Yates, who had entered under a lease paying a stipulated rent for the use and occupation.

On the 2d day of April, 1883, the respondent entered into a negotiation with the said tenant and concluded an arrangement with him by which the latter agreed to attorn to the respondent, who went into the immediate possession of the premises without the consent of the plaintiff, but with the permission of the said tenant.

At this time McIntyre had a tax deed of the premises which he claimed gave him a title to the premises as against the owner. This deed, however, was invalid as against those parties, and it has been so adjudged by this court for the reasons stated in its opinion in an action between these parties and reported in 37 Hun, 615. These are the material facts upon which it is to be determined whether or not these proceedings to remove the respondent as an intruder should be maintained.

The statute provides that a person in the possession of real property may be removed therefrom, in the manner provided therein, whenever such person, or person to whom he has succeeded, has intruded into, or squatted upon, a parcel of land in a city or incorporated village without the permission of the person entitled to the possession thereof, and the occupancy, thus commenced, has continued without permission from the latter. (Sec. 2232.)

The only question to be determined is, did the respondent gain possession of the premises as an intruder within the meaning of that term as the same is used in said section? The appellant was in the actual possession of the premises under a legal title, as against the respondent, and the latter acquired his possession without the consent and against the will of the appellant. This makes a complete case, entitling the injured party to relief in a summary manner as marked out by the statute. If the defendant sought to gain possession of the premises by a resort to legal remedies, he would have failed for want of any legal right to the occupancy of the premises for any purpose whatever. His negotiations with the tenant for the purpose of acquiring possession of the premises, with

the latter's consent, was clandestine, vicious and unlawful, which avails him nothing and is condemned by legal precepts and good morals.

Where the relation of landlord and tenant has been once established, the possession of the latter and that of his grantees and assignees is the possession of the landlord, and not hostile or adverse; and this is true even where the grantee has taken a deed of the fee in ignorance of the fact that his grantor stood in the relation of a tenant, the latter denying any such relation. The possession of the tenant, as in subordination to the title of the landlord, continues not only during the running of the term, but is presumed to be such and to remain unchanged until twenty years after the end of the term, notwithstanding any claim by the tenant or his successors of a hostile title. ( *Whiting* v. *Edmunds*, 94 N. Y., 314; Code of Civ. Pro., § 373.)

It is manifest if the appellant had been advised of the intended action of the respondent, and had been personally present upon the premises when the respondent entered, the latter could not have gained possession without resort to such force as would have amounted to a breach of the peace. The treacherous act of the tenant, induced by the persuasions of the respondent, does not relieve the latter from the charge of being an intruder. The statute is broad enough in its terms and was intended to meet a case like the one now presented.

As we are unable to discover anything to excuse the respondent's conduct and regard his conduct in gaining possession of the premises as in all respects unlawful, we think the Municipal Court was correct in treating him as an intruder, and that the judgment of the County Court should be reversed, and that in the Municipal Court should be affirmed, with costs of this appeal.

SMITH, P. J., HAIGHT and BRADLEY, JJ., concurred.

Judgment of the County Court reversed and that of the Municipal Court affirmed.